IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JOSEPH W. WOOD,

      Plaintiff,

v.                                Civil Action No. 5:12CV174
                                           (STAMP)

JIM RUBENSTEIN, MARVIN C. PLUMLEY,
CAPT. THOMAS HARLAN, LT. MICHAEL SMITH, JR.,
SGT. SHAWN SKIDMORE, CPL. TODD SCHELLER,
CPL. BRADLEY WARNER, LESTER THOMPSON,
ANDREW HINCHMAN, NURSE ON DUTY JULY 31, 2012
(P.M. SHIFT, NAME UNKNOWN), TRISTEN TENNEY
and WEXFORD MEDICAL SOURCES,

      Defendants.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE AND
AFFIRMING MAGISTRATE JUDGE'S ORDER ON PENDING MOTIONS**

I.   Background

The pro se[1] plaintiff, Joseph W. Wood, filed a civil rights action pursuant to 42 U.S.C. § 1983 alleging claims of excessive force against defendants Jim Rubenstein, Marvin C. Plumley, Capt. Thomas Harlan, Lt. Michael Smith, Jr., Sgt. Shawn Skidmore, Cpl. Todd Scheller, Cpl. Bradley Warner, Lester Thompson, and Andrew Hinchman (collectively the "officer defendants").  The plaintiff also claims that his § 1983 rights were violated by a Tristen Tenney, Wexford Medical Sources, and an unnamed nurse (collectively the "medical defendants"), for failing to take pictures of the

_____

[1]"Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer.  Black's Law Dictionary 1341 (9th ed. 2009).

injury that resulted from the excessive force.  In the plaintiff's request for relief, he seeks a monetary judgment, a transfer from his institution, and disciplinary action against the parties involved.

The case was referred to United States Magistrate Judge John S. Kaull for initial review and recommendation pursuant to Local Rule of Prisoner Litigation Procedure 83.01 and 28 U.S.C. §§ 1915(e) and 1915A.  After conducting a preliminary review of the complaint, Magistrate Judge Kaull issued an order to answer.  In response to that order, the officer defendants filed two separate motions to dismiss and the medical defendants filed a motion to dismiss.  The Court then issued <u>Roseboro</u> notices, advising the plaintiff of his right to respond to the defendants' motions. Subsequently, the plaintiff filed a motion for appointment of counsel, a motion to amend his complaint, motions for production of documents, and numerous responses to the defendants' motions to dismiss.

Thereafter, the magistrate judge issued a report and recommendation, recommending that the officer defendants' motions to dismiss be denied and the medical defendants' motion to dismiss be granted.  The magistrate judge advised the parties that, pursuant to 28 U.S.C. § 636(b)(1)(C), any party may file written objections to his proposed findings and recommendations within 14 days after being served with a copy of the magistrate judge's

recommendation. The magistrate judge also issued an order regarding the plaintiff's pending motions, wherein he denied the plaintiff's motion to appoint counsel, granted the plaintiff's motion to amend the complaint, and denied the plaintiff's motions for the production of documents. In his order regarding the pending motions, the magistrate judge advised the parties that they may file written objections within 14 days of the filing or the order. Thereafter, the plaintiff timely filed a single document containing both his objections to the order on his pending motions and the report and recommendation.

For the reasons set forth below, this Court adopts and affirms the magistrate judge's report and recommendation and further, affirms the magistrate judge's order on the plaintiff's pending motions.

## II. Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. As to those portions of a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld unless they are "clearly erroneous." 28 U.S.C. § 636(b)(1)(A). Because the plaintiff has filed timely objections, this Court will undertake a de novo review as to those portions of the report and recommendation to which objections were made.

III.   Discussion

A.   Medical defendants' motion to dismiss

In the magistrate judge's report and recommendation, he first addresses the medical defendants' motion to dismiss.  As the magistrate judge indicates, § 1983 prohibits the deprivation of any rights guaranteed by the Constitution or law by any person acting under color of state law.  Rendall-Baker v. Kohn, 457 U.S. 830, 838 (1982).  Thus, to establish a claim under § 1983, the plaintiff must show that: (1) the defendants deprived him of a right guaranteed under the Constitution or laws of the United States; and (2) that the deprivation occurred under color of a statute, ordinance, regulation, custom, or usage of the State.  See Mentavlos v. Anderson, 249 F.3d 301, 310 (4th Cir. 2001).  The magistrate judge found that the first element of a § 1983 claim was not met, as the plaintiff failed to allege any violation of a constitutionally protected right by these defendants.  The magistrate judge stated that the plaintiff's only allegation against these defendants concerns the unnamed nurse's failure to take pictures of the injury and there is no constitutional right to have pictures taken of an injury.  The plaintiff did not object to this particular finding.  This Court agrees with the magistrate judge's finding that the plaintiff does not have a constitutional right to have pictures taken of his injury.  Therefore, this Court

4

finds no clear error in the magistrate judge's findings on this matter.

The plaintiff, however, in his objections to the report and recommendation asks this Court to dismiss the claims against the medical defendants without prejudice, so as to allow him to request reinstatement of these defendants if the record shows that the medical defendants did not follow practices and policies that are unknown to the plaintiff at this time.  This Court finds that it is unnecessary to grant the plaintiff's request to dismiss these claims without prejudice.  The plaintiff, at this point, has failed to state a claim under § 1983 against these defendants because the failure to take pictures, which is what the plaintiff's complaint alleges, is not a violation of his constitutional rights.  Thus, any future claims against these defendants must be based on different allegations not set forth in the current complaint.  This Court's dismissal of the current claims with prejudice does not bar the plaintiff from making different allegations against these defendants based on practices and polices in the future if discovery supports such allegations.  As such, the plaintiff's request for this Court to deny the current claims without prejudice is denied.

B.    Officer defendants' motions to dismiss

The magistrate judge next addressed the officer defendants' motions to dismiss.  The officer defendants argued in their motions

to dismiss that the plaintiff explicitly alleged claims against them in their official capacity and as such, the claims must be dismissed because the Eleventh Amendment precludes suit against state officials in federal court.  Further, the officer defendants argue that state officials are not persons under § 1983, and therefore, the plaintiff cannot sue the officer defendants under § 1983.  The magistrate judge found that the plaintiff's claims against the officer defendants cannot be dismissed based on these arguments.  Neither party objected to the magistrate judge's findings as to these defendants.

In his report and recommendation, the magistrate judge outlined the history and law regarding § 1983 and how it applied to cases like the one at issue.  Specifically, the magistrate judge stated that suits under § 1983 may be brought against state actors in their official or individual capacity.  When a suit is brought under § 1983 against a state official in his or her individual capacity, the magistrate judge explained that the Eleventh Amendment does not erect a barrier against such suit.  Hafter v. Melo, 502 U.S. 21, 30-31 (1991).  Therefore, the magistrate judge stated that the question in this action was in what capacity was the plaintiff suing the officer defendants.  If the plaintiff was suing the officer defendants in their individual capacities, the officer defendants' Eleventh Amendment arguments are inapplicable.

In determining whether the plaintiff was in fact suing the officer defendants in their official or individual capacities, the magistrate judge stated that the United States Court of Appeals for the Fourth Circuit has specifically directed the district courts to examine the "substance of the complaint, the relief sought, and the course of the proceedings to determine the nature of a plaintiff's complaint."  Biggs v. Meadow, 66 F.3d 56, 58 (4th Cir. 1995).[2] After an examination of these factors, the magistrate judge found that it was the intention of the plaintiff to sue the officer defendants in their individual capacity.   Therefore, the officer defendants' Eleventh Amendment arguments were inapplicable to this suit and the magistrate judge recommended that this Court deny the officer defendants' motions to dismiss.   This Court agrees and finds no clear error in the magistrate judge's findings.

C.   Order on pending motions

After the magistrate judge issued his report and recommendation, he then issued an order on the plaintiff's other pending motions.   As stated above, in this order he denied the plaintiff's motion to appoint counsel, granted the plaintiff's motion to amend his complaint, and denied the plaintiff's motions

---

[2]There is no need, therefore, for the plaintiff to specifically state whether he was suing the officer defendants in their official or individual capacity. Id. The magistrate judge, however, did note that he granted the plaintiff's motion to amend his complaint to allow him to specifically state that he sought to sue the officer defendants in their individual capacities. See ECF No. 59 (granting motion to amend).

for the production of documents.  The plaintiff objects to the magistrate judge's denial of his motion to appoint counsel and the denial of his motions for production of documents.

As the magistrate judge stated regarding the plaintiff's motion to appoint counsel, appointment of counsel may be made only where the indigent party has shown particular need or circumstances.  Cook v. Bounds, 518 F.2d 779 (4th Cir. 1975).  The magistrate judge found that the plaintiff has not shown that such need or circumstances are present in this case.  Specifically, he stated that the issues presented in this case are straightforward, as it is an excessive force claim and, while not a lawyer, the plaintiff has been proficient at responding to the defendants' pleadings and proficient at filing his own pleadings.  This Court has reviewed the plaintiff's complaint, the motion to appoint counsel, and the plaintiff's objections and agrees that the plaintiff has not made the requisite showing of particular need or exceptional circumstances to warrant appointing him counsel in this action.  Therefore, after a de novo review of the record, this Court overrules the plaintiff's objections concerning his request for counsel and affirms the magistrate judge's denial of the plaintiff's motion to appoint counsel.

As to the plaintiff's motion for the production of documents, the magistrate judge found these motions to be premature.  The magistrate judge stated that until this Court issued a ruling on

8

the defendants' motions to dismiss, and a scheduling order is entered, discovery is improper.  In his objections, the plaintiff argues that the requested documents would assist the plaintiff in responding to the defendants' answers.  This Court, however, agrees with the magistrate judge's order and affirms his finding that such requests were premature.  Upon entering this order, which affirms the report and recommendation, this Court will enter a scheduling order, wherein specific time periods will be provided to allow the plaintiff to make discovery requests.

## IV.  Conclusion

For the reasons stated above, this Court AFFIRMS and ADOPTS the magistrate judge's report and recommendation (ECF No. 58). Accordingly, the medical defendants' motion to dismiss (ECF No. 18) is GRANTED and the officer defendants' motions to dismiss (ECF Nos. 31 and 21) are DENIED.  This case shall PROCEED only as to the claims against the officer defendants, and this Court will enter a separate scheduling order with regard to those claims.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the pro se plaintiff by certified mail and to counsel of record herein.

DATED:      October 1, 2013

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE